**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEEPER SECURITY, INC. | |
| Plaintiff, | Case No. 1:17-cv-9117 |
| v. | Hon. Joan Humphrey Lefkow |
| DAN GOODIN and ADVANCE MAGAZINE PUBLISHERS INC. d/b/a CONDÉ NAST and ARS TECHNICA, | |
| Defendants. | |

**DEFENDANTS' SPECIAL MOTION TO STRIKE PURSUANT TO**
**CALIFORNIA ANTI-SLAPP ACT, CAL. C.C.P. § 425.16**

Defendants Dan Goodin and Advance Magazine Publishers Inc. (d/b/a Condé Nast and Ars Technica), by their attorneys, respectfully request that the Court strike and dismiss the Complaint of Plaintiff Keeper Security, pursuant to the California anti-SLAPP Act, California Code of Civil Procedure ("C.C.P.") § 425.16.

1. Plaintiff is a software developer. Defendants, a highly respected online technology publication and its California-based cybersecurity reporter and editor, truthfully reported the findings of a noted Google researcher that there was a security vulnerability in Plaintiff's password manager product, Keeper. *Plaintiff does not dispute that the flaw existed*. Yet, in response to Defendants' news article (the "Article"), Plaintiff attempted to bully Defendants into editing the Article to use language more to Plaintiff's liking. When Defendants refused to make all of Plaintiff's demanded edits, standing by the Article's accuracy, Plaintiff brought this lawsuit.

2. For the reasons set forth in Defendants' motion to dismiss under Rule 12(b)(6), incorporated by reference herein, Plaintiff's Complaint is without merit as a matter of law. It

was filed to punish publication of journalism on an matter of vital public concern --

cybersecurity -- involving a conceded vulnerability in Plaintiff's product. The technology

community is vigilant in policing such vulnerabilities, and permitting this case to go forward

would have a profoundly chilling effect on cybersecurity research and reporting generally.

3.      California's anti-SLAPP statute is designed to protect against such threats to free

speech rights. C.C.P. § 425.16.[1] It does so by providing a remedy "to expose and dismiss at an

early stage such non-meritorious actions which chill... 'the valid exercise of the constitutional

rights of freedom of speech[.]'" *Lafayette Morehouse, Inc. v. Chronicle Publ. Co.,* 37

Cal.App.4th 855, 858-59 (1995). Frequent targets of lawsuits filed to "dissuade or punish" news

reporting activity, the news media were among those whose First Amendment rights the statute

was designed to protect. *Id.* To protect reporting on "issue[s] of public interest," the statute has

been held to apply to defamation-based causes of action against the news media. *Id.* at 864;

*Braun v. Chronicle Publ., Inc.*, 52 Cal.App.4th 1036, 1043-45 (1997).

## The California Anti-SLAPP Law Applies To Plaintiff's Claims Given That The Article Was Researched, Written And Edited In California By A California Citizen And Resident.

4.      Illinois courts follow the most significant contacts test to determine which law is

applicable in a conflict of law situation. *Chi v. Loyola Univ. Med. Ctr.*, 787 F.Supp.2d 797, 801

(N.D. Ill. 2011). Illinois also applies the doctrine of dépeçage whereby a case should be cut up

into individual issues, each subject to a separate choice-of-law analysis. *Id.* In the specific case

---

[1] State anti-SLAPP statutes are substantive and therefore applicable in federal court. *Trudeau v. ConsumerAffairs.com, Inc.,* No. 10-cv-7193, 2011 WL 3898041, *5 (N.D. Ill. Sept. 6, 2011) (Lefkow, J.); *Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 808-809 (N.D. Ill. 2011). The Seventh Circuit has not addressed this issue, *see Intercon Solutions, Inc. v. Basel Action Network,* 791 F.3d 729, 732 (7th Cir. 2015) ("how the procedural aspects of other states' anti-SLAPP statutes work in federal court will have to await some other case"); however, the Ninth Circuit has consistently held that "the motion to strike and attorneys' fees provisions of California's anti-SLAPP statute apply" in federal diversity cases. *Makaeff v. Trump University, LLC,* 736 F.3d 1180, 1181 (9th Cir. 2013).

of an anti-SLAPP statute, the choice-of-law question regarding the anti-SLAPP law is treated separately from "whether a statement is defamatory." *Id.* at 803.

5.     The purpose behind an anti-SLAPP law, "to encourage the exercise of free speech," requires that "the place where the allegedly tortious speech took place and the domicile of the speaker are central to the choice-of-law analysis on this issue." *Id.* "A state has a strong interest in having its own anti-SLAPP law applied to the speech of its own citizens, at least when, as in this case, the speech initiated within the state's borders." *Id.* (even though plaintiff lived and suffered injury elsewhere, state with strongest interest in applying its own SLAPP law was where speech originated); *accord Underground Solutions, Inc. v. Palermo,* 41 F. Supp. 3d 720, 723-24 (N.D. Ill. 2014).

6.     Under these choice of law principles, even though Illinois law applies to the merits of Plaintiff's defamation and other claims, the protections of California's anti-SLAPP statute must be available to the Article since it was researched, written, and edited in California by Defendant Goodin -- a citizen and permanent resident of California, as Plaintiff itself alleges in the Complaint. (Compl. ¶ 11.) *See Underground Solutions,* 41 F. Supp. 3d at 724-26 (complaint allegations that defendant made defamatory statements and was a Tennessee resident indicated that "at least some of [his] alleged defamatory activities occurred in Tennessee," and therefore that state's anti-SLAPP law applied).[2] In short, California "has the clearest interest in applying its anti-SLAPP law vis-à-vis one of its own citizens," and to news reporting activities within its borders. *Id.* at 725.

_____

[2] *See also Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-cv-02824-JST, 2017 WL 4618676, *4 (N.D. Cal. Oct. 16, 2017) ("the 'state with the "predominant" interest' in applying its law 'normally is the state in which [the underlying] conduct occurs,' which would likely be California, as the individual Greenpeace and Stand defendants largely reside and work in San Francisco … California's anti-SLAPP statute applies to Defendants' motions to strike") (citation omitted).

**Plaintiff's Complaint Should Be Stricken Under The California Anti-SLAPP Statute.**

7.     A court considering a motion to strike under the California anti-SLAPP statute engages in a two-part inquiry.  First, the defendant must make a prima facie showing that the plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech."  Second, "once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims."  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1110 (9th Cir. 2003) (citations omitted).  By invoking this statute, a defendant can obtain early dismissal of a lawsuit before spending the time and incurring the costs to defend against meritless First Amendment-chilling litigation.  Upon application, a prevailing defendant is entitled to recover its reasonable attorney's fees.  C.C.P. § 425.16(c)(1).[3]

8.     A defendant meets its *prima facie* burden under the California anti–SLAPP statute by showing that the suit arises out of the exercise of his right of petition or free speech.  *See* C.C.P. § 425.16(b)(1).  The statute defines "act[s] in furtherance of a person's right of petition or free speech" as, *inter alia,* "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest" or "conduct in furtherance of the exercise of the ... constitutional right of free speech in connection with a public issue or an issue of public interest."  C.C.P. § 425.16(e)(3), (4).  The statute is "construed broadly" and "an issue of public interest " includes "any issue in which the public is interested."  *Nygard, Inc. v. Uusi–Kerttula,* 159 Cal.App.4th 1027, 1042 (2008).[4]

---

[3]  Along with the filing of this Motion, Defendants have written to Plaintiff's counsel to request Plaintiff consider voluntarily dismissing the Action immediately in order to avoid unnecessary fees and costs.

[4]  In contrast, the Illinois anti-SLAPP statute (the "Citizen Participation Act," 735 ILCS 110/5, *et seq.*), is limited to speech "aimed at procuring favorable government action."  *Trudeau*, 2011 WL 3898041, at *6 (holding statute's purpose is "promoting public participation in government" and that it did not apply where "[t]here was no use of the governmental process involved in authoring and publishing the article");

9.      Defendants have satisfied the first prong of the California anti-SLAPP statute, because there is no question the Article is a publication made in a public forum in connection with a matter of public interest and that publication constituted "conduct in furtherance of the exercise of the ... constitutional right of free speech in connection with a public issue or an issue of public interest."  C.C.P. § 425.16(e)(3), (4); *see, e.g., Barrett v. Rosenthal,* 40 Cal.4th 33, 41, n. 4 (2006) ("Web sites accessible to the public ... are 'public forums' for purposes of the anti-SLAPP statute."); *Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1366 (2010) ("consumer information that goes beyond a particular interaction between the parties and implicates matters of public concern that can affect many people is generally deemed to involve an issue of public interest for purposes of the anti-SLAPP statute").

10.      Under the second prong, Plaintiff must then demonstrate that there is a probability it will prevail on the claims.  C.C.P. § 425.16(b)(1), (b)(2).  To establish a "reasonable probability" the plaintiff needs to "state[ ] and substantiate[ ] a legally sufficient claim."  *Jarrow Formulas, Inc. v. LaMarche,* 31 Cal.4th 728, 741(2003) (citations omitted).  "Under this standard, the claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, 'no reasonable jury could find for the plaintiff.'"  *Makaeff v. Trump University, LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (citations omitted).  *See, e.g., Balzaga v. Fox News Network, LLC*, 173 Cal.App.4th 1325, 1342 (2009) (where defamation claim "fail[ed] as a matter of law" because statement was not "reasonably susceptible of the false and defamatory meaning attributed to it by plaintiffs," anti-SLAPP motion was "properly granted").

---

*see also Underground Solutions,* 41 F. Supp. 3d at 726 (unlike Tennessee's anti-SLAPP statute, "California's statute includes no such limitation of the speech in question to statements made to government officials").

11.     Plaintiff's defamation and tag-along tort claims all fail as a matter of law for all the reasons set forth in Defendants' contemporaneously filed Motion to Dismiss which Defendants incorporate here -- specifically, the Article is substantially true, subject to an innocent construction, voices non-actionable opinions, and makes statements that are not "of and concerning" Plaintiff, but rather, Microsoft.  As such, Plaintiff cannot meet its burden under the second prong of the California anti-SLAPP analysis.  *See Resolute Forest Prods.*, 2017 WL 4618676, at *13 ("if Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard" under the California anti-SLAPP statute).  Thus, the claims against Defendants must be stricken and dismissed under C.C.P. § 425.16(b).

WHEREFORE, Defendants respectfully request that this Court strike Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16, and award Defendants their attorneys' fees in an amount to be determined.

Dated: February 8, 2018                                  Respectfully submitted,

                                                         */s/ Natalie J. Spears*
                                                         One of the attorneys for Defendants

Natalie J. Spears
Gregory R. Naron
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel:     (312) 876-8000
Fax:     (312) 876-7934
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP ACT, CAL. C.C.P. § 425.16** was filed with the Clerk of the Court on February 8, 2018 by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ Natalie J. Spears*

Natalie J. Spears