IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEEPER SECURITY, INC., | No. 17-cv-9117 |
| Plaintiff, | |
| v. | Judge Joan Humphrey Lefkow |
| DAN GOODIN and ADVANCE MAGAZINE PUBLISHERS INC. d/b/a CONDÉ NAST and ARS TECHNICA, | Magistrate Judge Jeffrey Cole |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Dean D. Niro (dniro@vvnlaw.com)
Patrick F. Solon (solon@vvnlaw.com)
**VITALE, VICKREY, NIRO & GASEY LLP**
311 S. Wacker Drive, Suite 2470
Chicago, Illinois 60606
Tel.:    (312) 236-0733
Fax:    (312) 236-3137

*Attorneys for Keeper Security, Inc*

Plaintiff Keeper Security, Inc. ("Keeper") respectfully submits this memorandum opposing the Defendants' Motion to Strike (ECF No. 17).

## ARGUMENT

### I. Defendants' Motion Is Improper

Defendants should have included any substantive argument under state SLAPP law in their motion to dismiss under Fed. R. Civ. P. 12(b). (ECF Nos. 14-15). The Federal Rules of Civil Procedure do not support using state "anti-SLAPP" procedure for a "special motion to strike". Fed. R. Civ. P. 12(b); *see Trudeau v. ConsumerAffairs.com, Inc.*, 2011 U.S. Dist. LEXIS 99852, *15-*18, 2011 WL 3898041 (N.D. Ill. Sept. 6, 2011) (Lefkow, J.) (applying substantive rule of Illinois SLAPP statute under Rule 12). The holding of *Intercon Solutions, Inc. v. Basel Action Network*, 791 F.3d 729 (7th Cir. 2015) affirmed rejection of a "special motion to strike" because the Washington statute had been held unconstitutional. Other analysis in the decision offers no support for a "special motion to strike" as a procedural vehicle in federal court. *Id.* at 732 ("There is no remaining state substance that could be applied through the closest federal procedural devices-the Rule 12(c) motion for judgment on the pleadings and the Rule 56 motion for summary judgment."). For that reason alone, Defendants' motion to strike should be denied.

### II. California Anti-Slapp Law Does Not Apply

Defendants' reliance on California's, rather than Illinois', SLAPP statute also is improper, because it violates choice-of-law principles. Defendants' motion to dismiss does not dispute the application of Illinois defamation law. Illinois substantive law clearly applies to this case. *Trudeau*, 2011 U.S. Dist. LEXIS 99852, *12 n. 5 (quoting *Kamelgard v. Macura*, 585 F.3d 334, 341 (7th Cir. 2009) ("When the defamatory statement is communicated in many different states, it makes sense to apply the law of the plaintiff's domicile, and that is the usual result in

- 1 -

Illinois."); *Cook v. Winfrey*, 141 F.3d 322, 329 (7th Cir. 1998) ("[I]n multistate defamation cases, Illinois cases indicate that 'the applicable law is that of the victim's domicile, period.'" (quoting *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 916 (7th Cir. 1994))).

California law cannot be applied here. Keeper is in Illinois. (ECF No. 1 at 1). Seventh Circuit precedent requires application of Illinois substantive law. *Cook*, 141 F.3d at 329; *Rice*, 38 F.3d at 916; *see Kamelgard*, 585 F.3d at 344 (applying New Jersey law to suit by New Jersey defamation plaintiff in Illinois forum). The fact that Defendant Goodin resides in California does not support application of California SLAPP law. Defendants published defamatory statements about an Illinois resident and published the statements to Illinois residents. (ECF No. 1, Complaint ¶¶ 21-24). They committed the intentional tort of defamation in Illinois. *Walden v. Fiore*, _ U.S. _, 134 S. Ct. 1115, 1124 (2014). Defendant Ars Technica also has an Illinois office. (Complaint ¶¶ 13-14). Nonetheless, Defendants make no argument under the Illinois SLAPP statute, the Citizen Participation Act. 735 ILCS 110/1 *et seq*.

Defendants also admit that there is no Seventh Circuit precedent supporting application of California SLAPP law based on "depecage". (ECF No. 17 at 2 n.1). The Illinois Supreme Court has not endorsed Defendants' broad view of "depecage". The Illinois Supreme Court has noted that "depecage" is part of the *Restatement (Second) of Conflict of Laws* §145 (1971). *Townsend v. Sears, Roebuck & Co.*, 227 Ill.2d 147, 161, 879 N.E.2d 893, 901-902 (2007). The Supreme Court has said that this is part of the "schizophrenic" *Restatement (Second)*, which combines "general" provisions such as Section 145 with more definite, presumptive rules such as location of injury. *Id.*, 227 Ill.2d at 162, 879 N.E.2d at 902. Far from endorsing wide-ranging blending of substantive laws of different states in a tort action, the court stated that the general provisions take a back seat to the presumptive rules. "We agree with the concern that the bench

and bar have overemphasized the general sections of the Second Restatement of Conflict of Laws and have undervalued the specific presumptive rules." *Id.*

Here, Illinois is the location of the injury, and the location of the tort. Given that Illinois law applies to the defamation claim, and the tort occurred here, Defendants cannot overcome the presumptive application of Illinois law to any SLAPP defense. *Id.*, 227 Ill.2d at 167, 879 N.E.2d at 905. Defendants do not restrict their activities to California and California does not have a sufficiently greater interest to overcome the presumption. While Defendants cite district court cases applying different state laws for defamation and SLAPP defenses, those cases are wrongly decided to the extent they rest on similar facts. (ECF No. 17 at 2-3).

**III.    The Complaint Should Not Be Stricken Under the California Anti-Slapp Statute**

Even if the California law is applied, Defendants' "special motion to strike" must fail. First, Defendants' argument under the California statute adds nothing substantive to be applied using controlling rules of federal procedure. Defendants' application of the statute is inconsistent with the dicta in *Intercon Solutions*, *supra*. The two-step preliminary review of a SLAPP case has no substantive element regarding the claim or defenses, or ultimate burdens of proof. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) (describing operation of statute). It is a substitute for Rule 12.

Second, Defendants offer only unsupported attorney argument to meet their admitted burden to establish a "connection with a public issue or an issue of public interest." *Id.* (ECF No. 17 at 5). Defendants offer no proof of any public issue or any public interest. Instead they argue that websites are public. Defendants' unsupported argument would admit no limits to the California statute. *Consumer Justice Center v. Trimedica Int'l, Inc.*, 107 Cal.App.4th 595, 602 (2003). If, as here, for-profit, clickbait articles trashing products on the web can fall within the

- 3 -

public interest SLAPP statute, it has no meaningful boundaries. Defendants have not met their burden.

The California statute is not unbounded. The statute literally addresses "Strategic Litigation Against Public Participation". *See Id.* (statute promotes public participation). Petitioning activity is required under the statute's first two prongs. *See Briggs v. Eden Council for Hope & Opportunity*, 969 P.2d 564, 572 (Cal. 1999) (construing petitioning sections "to protect not just statements or writings on public issues, but all statements or writings made before, or in connection with issues under consideration by, official bodies and proceedings"). Defendants rely on the third and fourth prongs of the statute, which do not require petitioning activity, but have a real requirement of public interest. "If, however, the defendant's alleged acts fall under the third or fourth prongs of subdivision (e), there is an express 'issue of public interest' limitation." *All One God Faith, Inc. v. Organic & Sustainable Industry Standards, Inc.*, 183 Cal.App.4th 1186, 1201-1202 (2002) (quoting *Trimedica*, 107 Cal.App.4th at 600) (rejecting public interest claim for opinions on organic products). *Trimedica* rejected broad application of the statute to statements about commercial products. *Id.* at 601-602; *see also Scott v. Metabolife Int'l, Inc.*, 115 Cal. App. 4th 404, 423 (2004). In sum, the California statute does not reach Defendants' for-profit article about Keeper and Microsoft commercial software. Defendants have not met their burden.

Third, Keeper's defamation claim has a reasonable probability of prevailing. Defendants tie that argument to their Rule 12 motion to dismiss. Defendants do not and cannot support any additional burden on Keeper to support its Complaint. Keeper's separate brief in opposition to the motion to dismiss applies equally here, and further requires denial of the motion to strike.

## CONCLUSION

Keeper respectfully requests that the Court deny the motion to strike. (ECF No. 17).

- 4 -

Respectfully submitted,


*/s/   Dean D. Niro*

Dean D. Niro (dniro@vvnlaw.com)
Patrick F. Solon (solon@vvnlaw.com)
**VITALE, VICKREY, NIRO & GASEY LLP**
311 S. Wacker Drive, Suite 2470
Chicago, Illinois 60606
Tel.:    (312) 236-0733
Fax:     (312) 236-3137

*Attorneys for Keeper Security, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2018 the foregoing

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

was filed electronically with the Clerk of the Court for the Northern District of Illinois using the

Court's Electronic Case Filing System, which will send notification to the registered participants

of the ECF System as listed:

Natalie J. Spears
Gregory R. Naron
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, Illinois 60606
(312) 876-8000
Natalie.spears@dentons.com
Gregory.naron@dentons.com
Jacqui.giannini@dentons.com
*Counsel for Defendants Dan Goodin and*
*Advance Magazine Publishers Inc.*


I certify that all parties in this case are represented by counsel who are CM/ECF

participants.

/s/      Dean D. Niro
*Attorney for Keeper Security, Inc.*