## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEEPER SECURITY, INC.

                Plaintiff,

      v.

DAN GOODIN and ADVANCE MAGAZINE
PUBLISHERS INC. d/b/a CONDÉ NAST and
ARS TECHNICA,

                Defendants.

Case No. 1:17-cv-9117

Hon. Joan Humphrey Lefkow

## DEFENDANTS' REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP ACT, CAL. C.C.P. § 425.16

This is a quintessential SLAPP suit. Defendants are a respected online technology publication and its California-based cybersecurity reporter and editor. In response to Defendants' news article (the "Article") truthfully reporting the findings of a noted Google security researcher that there was a vulnerability in Plaintiff's software, Plaintiff attempted to bully Defendants into rewriting the Article. When Defendants refused to make all of Plaintiff's demanded edits, standing by the Article's accuracy, Plaintiff filed this meritless lawsuit.

The chilling effect such strike suits have on free speech rights—here, on important cybersecurity reporting—is precisely what California's anti-SLAPP Act, Code Civ. Proc. § 425.16 (the "Act") protects against, by providing substantive relief "to expose and dismiss at an early stage such non-meritorious actions which chill... 'the valid exercise of the constitutional rights of freedom of speech[.]'" *Lafayette Morehouse, Inc. v. Chronicle Publ. Co.,* 37 Cal.App.4th 855, 858-59 (1995). As the California Supreme Court has emphasized, a movant under the Act need not prove that the Plaintiff intended to chill speech; instead,

> [T]he only thing the defendant needs to establish … is that the challenged lawsuit arose from an act on the part of the defendant in furtherance of her right of petition or free speech. From that fact the court may [effectively] presume the purpose of the action was to chill the defendant's exercise of First Amendment rights. It is then up to the plaintiff to rebut the presumption by showing a reasonable probability of success on the merits.

*Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 61(2002) (citation omitted; alteration in original).

Plaintiff's attempt to avoid application of the Act misstates the law in several respects.

**Defendants Properly Filed A Separate Special Motion to Strike (the "Motion") Under The Act.** Plaintiff's opposition ("Opp.") commences with a technical (and incorrect) argument that Defendants' Motion under the Act should have been part of their Rule 12 motion. (Opp., ECF No. 24, p. 1.) Not so. While where, as here, the anti-SLAPP motion is "founded on purely legal arguments, … the analysis is made under Fed. R. Civ. P. 8 and 12 standards" (*World Kitchen, LLC v. American Ceramic Soc.,* No. 12-cv-8626, 2013 WL 5346424,*6 (N.D. Ill. Sept. 19, 2013) (citation omitted)), a special motion to strike under the California statute is *not* the equivalent of or "substitute for" a Rule 12 motion to dismiss (Opp., p. 3); it is an additional form of substantive relief afforded under California law, and the better practice is to file separate motions.[1]

**Anti-SLAPP Motions Are Substantive Under *Erie*.** Plaintiff does not dispute that, as this and other Courts in this district have found, anti-SLAPP statutes are "substantive" for *Erie* purposes and apply in federal diversity cases like this. *E.g., Trudeau,* 2011 WL 3898041; *see*

---

[1] *See, e.g., Harrell v. Hornbrook Community Services Dist.*, No. 2:14–cv–01595–KJM–GGH, 2015 WL 5329779, *5 (E.D. Cal. Sept. 9, 2015) ("The better practice is to bring the anti-SLAPP motion concurrently, but in a separately filed motion."); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-cv-02824-JST, 2017 WL 4618676, *12 (N.D. Cal. Oct. 16, 2017) (having granted 12(b)(6) motion, court ruled on separate anti-SLAPP motions to strike "[b]ecause the issue of attorney's fees and costs is not rendered moot by a dismissal") (citation omitted); *Trudeau v. ConsumerAffairs.com, Inc*., No. 10 Civ. 7193, 2011 WL 3898041 (N.D. Ill. Sept. 6, 2011) (Lefkow, J.) (ruling on separate 12(b)(6) and anti-SLAPP motions).

*also Chi v. Loyola Univ. Med. Ctr.*, 787 F.Supp.2d 797, 808-809 (N.D. Ill. 2011); *Doctor's Data, Inc. v. Barrett,* No. 10 C 03795, 2011 WL 5903508, *2 (N.D. Ill. Nov. 22, 2011); *Underground Solutions, Inc. v. Palermo,* 41 F.Supp.3d 720, 722-23 (N.D. Ill. 2014).

Plaintiff vaguely asserts that *Intercon Solutions, Inc. v. Basel Action Network,* 791 F.3d 729 (7th Cir. 2015) "offers no support for a 'special motion to strike' as a procedural vehicle in federal court" (Opp., p. 1), but as noted in Defendants' Motion (ECF No. 17, fn. 1), the court there *declined* to address "how the procedural aspects of other states' anti-SLAPP statutes work in federal court" and certainly did not disapprove the above holdings that such statutes are substantive and may be applied in federal court. *Id.* at 732. [2] *Intercon Solutions* contains no "dicta" that would be "inconsistent" with "Defendants' application of the statute". (Opp., p. 3.) To the contrary, the court specifically notes the substantive law character of anti-SLAPP legislation. *See id.*, 791 F.3d at 730 ("[a]n anti-SLAPP statute is a specialized version of the tort of abuse of process, designed to reduce defense costs by creating an absolute or qualified immunity"). And for its part, the Ninth Circuit has repeatedly confirmed that California anti-SLAPP motions may be brought in federal court. *See, e.g., Makaeff v. Trump University, LLC,* 736 F.3d 1180 (9th Cir. 2013) (denying petition for review *en banc*).

**California Law Applies To The Anti-SLAPP Issue.** Plaintiff's choice of law argument irrelevantly notes that "Defendants' motion to dismiss does not dispute the application of Illinois defamation law" and recites the basis for application of that law. (Opp., pp. 1-2.) But Plaintiff then dismisses entirely, without even discussing, the persuasive and directly on point cases holding that the choice-of-law question regarding application of an anti-SLAPP statute is treated *separately* from "whether a statement is defamatory." *Chi*, 787 F.Supp.2d at 803; *see* Motion, ¶¶

---

[2] The holding in *Intercon Solutions* turned on the peculiarities of the Washington State anti-SLAPP statute, and what the court actually held is that the specific terms of that statute violated the state's constitution (as the Washington Supreme Court had earlier held). *Id.* at 731-32.

4-6 (discussing authority in this district). This is a straightforward application of the doctrine of

dépeçage, "which refers to the process of cutting up a case into individual issues, each subject to

a separate choice-of-law analysis." *Townsend v. Sears, Roebuck & Co.*, 227 Ill.2d 147, 161

(2007) (citing *Ruiz v. Blentech Corp.*, 89 F.3d 320, 324 (7th Cir. 1996)).

Plaintiff badly misstates the Illinois Supreme Court's decision in *Townsend*. Far from

withholding "endorse[ment]" of the dépeçage rule (Opp., p. 2), the Court applied it, "stress[ing]

that a choice-of-law analysis *begins by isolating the issue* and defining the conflict." *Townsend*,

227 Ill.2d at 155 (emphasis added). The dépeçage rule "is in line with the approach taken in

Illinois pursuant to the Restatement (Second) of Conflict of Laws, which focuses on a 'selective,

issue-oriented approach to determining choice-of-law for a particular issue presented' in a cause

of action." *Gregory v. Beazer East,* 384 Ill.App.3d 178, 193 (2008) (quoting *Townsend,* 227

Ill.2d at 161).

With respect to the "particular issue" here, since the purpose behind an anti-SLAPP law

is "to encourage the exercise of free speech," the courts sensibly hold that the laws of "the place

where the allegedly tortious speech took place and the domicile of the speaker" take precedence

in determining which anti-SLAPP statute to apply. *Chi*, 787 F.Supp.2d at 803. Accordingly,

California "has the clearest interest in applying its anti-SLAPP law vis-à-vis one of its own

citizens"—Defendant Goodin, who wrote the Article—and to news reporting activities within its

borders.[3] *Underground Solutions,* 41 F.Supp.3d at 725. Notably, in *Intercon Solutions*, the

Seventh Circuit did not disturb the finding below that even though Illinois law "governs the

defamation claim," Illinois choice-of-law principles "would give [defendant] the benefit of this

[anti-SLAPP] defense under Washington law because [defendant] is based in Washington and

---

[3] Plaintiff does not dispute that the Article was researched, written, and edited in California by Defendant Goodin—a citizen and permanent resident of California, as Plaintiff itself alleges in the Complaint. (Compl., ECF No. 1, ¶ 11.)

made its statements there." 791 F.3d at 730. Under the controlling choice of law principles, the Act's protections must be available to the Article.

**Defendants Are Entitled To Relief Under The Act.** Finally reaching the merits, Plaintiff does not dispute that a court considering a motion under the Act engages in a two-part inquiry: (1) the movant must make a *prima facie* showing that plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech"; and (2) "once the defendant has made a *prima facie* showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1110 (9th Cir. 2003) (citation omitted).

*First*, Defendants have satisfied the Act's first prong because there is no question the Article's publication constituted "conduct in furtherance of the exercise of the ... constitutional right of free speech in connection with a public issue or an issue of public interest." C.C.P. § 425.16(e)(3), (4).

In response, Plaintiff frivolously asserts that Defendants "offer no proof of any public issue or any public interest." (Opp., p. 3.) Plaintiff ignores that, as set forth in Defendants' Motion (¶¶ 8-9), the courts consistently apply the Act to news reporting like Defendants' Article[4], and have squarely held that "consumer information that goes beyond a particular interaction between the parties and implicates matters of public concern that can affect many people is generally deemed to involve an issue of public interest for purposes of the anti-SLAPP statute." *Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1366 (2010). That is precisely the nature of Defendants' publication here—as Plaintiff itself alleges. "The Ars Technica website provides public access to articles about software and computer applications" (Compl., ¶ 22.); "publishes

---

[4] *See, e.g.*, *Hunter v. CBS Broadcasting, Inc.*, 221 Cal.App.4th 1510, 1521 (2013); *Balzaga v. Fox News Network, LLC*, 173 Cal.App.4th 1325, 1336 (2009); *Lafayette Morehouse, Inc.,* 37 Cal.App.4th at 862-64; *Braun v. Chronicle Publ., Inc.*, 52 Cal.App.4th 1036, 1405 (1997).

articles in technology, computer science, software and computer hardware" (*id.* ¶ 20); and "has

an extensive readership (millions of unique visitors per month) within the technology industry

throughout the United States and in Illinois" (*id.* ¶ 21). *See also Nygard, Inc. v. Uusi–Kerttula,*

159 Cal.App.4th 1027, 1042 (2008) (Act is "construed broadly" and "an issue of public interest "

includes "any issue in which the public is interested").

Plaintiff's assertion that "the California statute does not reach Defendants' for-profit

article about Keeper and Microsoft commercial software" (Opp., p. 4) is, if possible, even more

frivolous. The fact that Keeper and Microsoft are engaged in the business of selling

"commercial software" does not mean that Defendants' news reporting about that business is

"commercial," and disparaging Defendants' respected technology journalism as "for-profit,

clickbait articles trashing products on the web" (*id.*, p. 3) is no answer to the obvious fact that the

Article here was an exercise of Defendants' First Amendment speech rights. *See, e.g.,*

*Commodity Trend Service, Inc. v. C.F.T.C.*, 149 F.3d 679, 684-86 (7th Cir. 1998) ("speech does

not become 'commercial' simply because it concerns economic subjects or is sold for a profit";

financial publisher's publications were not commercial speech); *Joseph Burstyn, Inc. v. Wilson*,

343 U.S. 495, 501 (1952) ("That books, newspapers, and magazines are published and sold for

profit does not prevent them from being a form of expression whose liberty is safeguarded by the

First Amendment"). Plaintiff's representation that *Consumer Justice Ctr. v. Trimedica Intern.,*

*Inc.*, "rejected broad application of the statute to statements about commercial products" (Opp.,

p. 4) is grossly misleading: the court there rejected application of the Act to "*advertising*

*statements about a particular commercial product*"—not to a journalist's *reporting about a*

*product*. 107 Cal.App.4th 595, 602 (2003) (emphasis added).

*Second*, with Defendants having satisfied the Act's first prong, *Plaintiff* has the burden

under the second prong of demonstrating a "reasonable probability" it will prevail on the claims

by "stat[ing] and substantiat[ing] a legally sufficient claim." *Jarrow Formulas, Inc. v. LaMarche,* 31 Cal.4th 728, 741 (2003) (citations omitted); C.C.P. § 425.16(b)(1), (b)(2). Thus, Plaintiff "must demonstrate that the complaint is *both* legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment[.]" *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) (emphasis added; citation omitted).

Here, Plaintiff's Complaint fails as a matter of law for all the reasons set forth in Defendants' Motion to Dismiss and supporting Reply, which Defendants incorporate here. Based on the Article itself and Plaintiff's own admissions, the allegedly defamatory statements fail under the doctrines of substantial truth, innocent construction, opinion and lack of actual malice—all grounds on which Illinois courts and this Court routinely dismiss defamation claims as a matter of law on the pleadings. *See, e.g., Kapotas v. Better Gov't Ass'n*, 2015 IL App (1st) 140534 (affirming dismissal on substantial truth and innocent construction grounds) and Def. Mot. Dism. Br., ECF No. 15, pp. 6, 10, 12, 14 (citing cases dismissing complaints as matter of law). "[I]f Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard" under the Act. *Resolute Forest Prods.*, 2017 WL 4618676, at *13; *see, e.g., Balzaga*, 173 Cal.App.4th at 1342 (where defamation claim "fail[ed] as a matter of law" because statement was not "reasonably susceptible of the false and defamatory meaning attributed to it by plaintiffs," anti-SLAPP motion was "properly granted").

Furthermore, "if a plaintiff has stated a legal claim but has no facts to support it, a defendant could prevail on an anti-SLAPP motion, though he would not have been able to win a motion to dismiss." *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010); *Roberts v. McAfee, Inc.*, 660 F.3d at 1163 ("plaintiff's burden resembles the burden [it] would have in fending off a motion for summary judgment or directed verdict"). Here, not surprisingly,

Plaintiff has offered no evidence to substantiate that the Article is "false" and instead has rested on its conclusory and artfully evasive allegations and arguments.[5] That does not cut it under the Act's second prong. *See, e.g., Gilbert v. Sykes*, 147 Cal.App.4th 13, 32-33 (2007) (defamation allegation that defendant's website "falsely suggests that Dr. Sykes was compensated for the procedures 'under the table'" could not give rise to a cause of action where plaintiff "offered no evidence that it was *false*. … By failing to deny the charge of under-the-table payments, Sykes has tacitly admitted that the challenged statement was substantially true"); *Manufactured Home Communities, Inc. v. Cty. of San Diego*, 606 F.Supp.2d 1266, 1273-74 (S.D. Cal. 2009) (plaintiff did not "provide[] evidence to demonstrate that the 'gist' or 'sting' of the statement is false" where it provided no "evidence to indicate that it does not have a reputation for raising rents and forcing out residents" and accordingly "has not shown a probability of success on the merits as to this claim").

## Conclusion

Defendants respectfully request that this Court strike Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16, and award Defendants their attorneys' fees in an amount to be determined.

Dated: March 21, 2018                                    Respectfully submitted,

                                                         /s/ Natalie J. Spears
                                                         One of the attorneys for Defendants

---

[5] For example, Plaintiff argues in its Motion to Dismiss opposition that the bugs in Plaintiff's software discovered by the Google researcher, Mr. Ormandy, in August 2016 and December 2017 were not "the same or similar" (Pl. Mot. Dism. Opp., ECF No. 25, p. 4) but refuses to provide any explanation, much less substantiation, for that assertion. As discussed in Defendants' Motion to Dismiss Reply Brief, Plaintiff's attempt to "dispute" the bugs' "similarity" is a sham; it has *admitted* that in addition to implicating the same component, the nature of the vulnerability Plaintiff was required to fix in August 2016 and December 2017 was similar if not the same. (*See* 8/28/16 Keeper website post, ECF No. 15-4; 12/15/17 Keeper website post, ECF No. 15-2.) In all events, any lack of precise similarity between the August 2016 and December 2017 software bugs does not affect the purported defamatory "sting" that Plaintiff now focuses on.

Natalie J. Spears
Gregory R. Naron
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel:    (312) 876-8000
Fax:    (312) 876-7934
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP ACT, CAL. C.C.P. § 425.16** was filed with the Clerk of the Court on March 21, 2018 by using the CM/ECF system, which will send a notice of electronic filing to all registered users.


/s/ Natalie J. Spears
Natalie J. Spears